**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Lorie Doniece Colemere** |
| | First Name          Middle Name                          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name                          Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF UTAH** |
| Case number: | **17-30872** |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
3.2, 8.1

Official Form 113

# Chapter 13 Plan                                                                    12/17

---

**Part 1:   Notices**

**To Debtor(s):**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ **Included** | ☐ **Not Included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ **Included** | ☑ **Not Included** |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ **Included** | ☐ **Not Included** |

---

**Part 2:   Plan Payments and Length of Plan**

**2.1**   **Debtor(s) will make regular payments to the trustee as follows:**

**$1050** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐   Debtor(s) will make payments pursuant to a payroll deduction order.
☑   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐   Debtor(s) will retain any income tax refunds received during the plan term.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

| Debtor | **Lorie Doniece Colemere** | Case number | **17-30872** |

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
**See Section 2.3 Note 1 at the bottom of the Plan**

**2.4 Additional payments.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $63,000.00.**

**Part 3:** **Treatment of Secured Claims**

**3.1** **Maintenance of payments and cure of default, if any.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim.* For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor | **Lorie Doniece Colemere** | | | | Case number | | **17-30872** | |
|---|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Capital One | $12,440.00 | 2014 Polaris Sportsman 570 Value based on nada.com - $3,125 each **Three ATVs all secured by the same loan. All same year, make and model and purchased at the same time** Location: 4638 West 5675 South, Hooper, UT 84315 | $9,375.00 | $0.00 | $9,375.00 | 4.25% | $544.89 | $9,808.03 |
| Utah State Tax Commission | $799.76 | Tax Lien | $799.76 | $0.00 | $799.76 | 3.00% | $45.87 | $825.63 |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| | | | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Lorie Doniece Colemere** | | Case number | **17-30872** | |
|---|---|---|---|---|---|

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **02 - Mountain America Federal Credit Un** | **2009 GMC Canyon 138,000 miles Value based on nada.com Location: 4638 West 5675 South, Hooper, UT 84315** | **$5,398.44** | **4.25%** | **$313.77** | **$5,647.79** |

Disbursed by:
☑ Trustee
☐ Debtor(s)

*Insert additional claims as needed.*

**3.4**    **Lien avoidance**.

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**    **Surrender of collateral.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4:    Treatment of Fees and Priority Claims

**4.1**    **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**    **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**6,300.00**.

**4.3**    **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,500.00**.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑    The debtor(s) estimate the total amount of other priority claims to be **$5,030.61**

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐    The sum of $    **0.00**    .
☑    **100.00**% of the total amount of these claims, an estimated payment of $**31,887.94**    .

| Debtor | **Lorie Doniece Colemere** | Case number | **17-30872** |
|---|---|---|---|

☐    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

     ☑    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

     ☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:   Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

     ☐    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

       AT&T  - cell phone contract
       Casey Chavez - rental agreement
       DirecTV - cable contract

## Part 7:   Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑   plan confirmation.
☐   entry of discharge.
☐   other: _____

## Part 8:   Nonstandard Plan Provisions

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
     ☐   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***
**(1) Adequate Protection Payments shall be paid to Capital One, Utah State Tax Commission, Mountain America Credit Union as listed in Section 3.2 and Section 3.3 above in accordance with Local Rule 2083-2(f)(1).**
**(2) The Applicable Commitment Period for the Plan as determined by § 1325(b)(4). is 60 months.**
**(3) The Debtor(s) shall pay the creditors listed below and listed in Section 3.1 above, if any, directly, in accordance with Local Rule 2083-2(i)(4) :**
**AT&T, Casey Chavez, DirecTV**
**(4)The creditors listed below, if any, shall be paid directly by a non-debtor, in accordance with Local Rule 2083-2(k)(1).**
**(5) Debtor moves to avoid the secured lien held by the creditors listed in Section 3.4 above, if any, under § 522(f) in accordance with Local Rule 2083-2(j).**
**(6) Interest on over-secured claims shall be paid to the following creditors, if any, at the identified interest rates:**
**(7) The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.**

**Section 2.3 Note 1:**
**For the next three tax years of 2017, 2018, and 2019, the Debtor(s) shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section. If in an applicable tax year, the debtor receives an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on the federal tax return, the Debtor(s) may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

| Debtor | **Lorie Doniece Colemere** | Case number | **17-30872** |
|---|---|---|---|

each applicable tax year, the Debtor(s) shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtor(s) shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtor(s) is not obligated to pay tax overpayments that have been properly offset by a taxing authority.

The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan.

**Part 9:    Signature(s):**

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Matthew K. Broadbent**                              Date    **February 13, 2018**
    **Matthew K. Broadbent 09667**
    Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

| Debtor | **Lorie Doniece Colemere** | Case number | **17-30872** |

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $10,633.66 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $5,647.79 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $14,830.61 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $31,887.94 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | $63,000.00 |

**Chapter 13 Plan**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Matthew K. Broadbent (09667)
Val Dalling III (11552)
Vannova Legal, PLLC
49 West 9000 South
Sandy, Utah 84070
Telephone: (801) 415-9800
Facsimile: (801) 415-9818
Email: info@VannovaLegal.com
*Attorney for Debtor(s)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
### Central Division

| | |
|---|---|
| In Re: | Bankruptcy Case No.: 17-30872 |
| **Lorie Donice Colemere,** | Chapter 13 |
| Debtor(s). | Honorable Joel T. Marker |

## NOTICE OF ADEQUATE PROTECTION PAYMENTS
## UNDER 11 U.S.C. §1326 AND OPPORTUNITY TO OBJECT

The Debtor(s) states as follows:

1.      Debtor(s) filed a voluntary petition under Title 11 commencing a chapter 13

bankruptcy case.

2.      Debtor(s) proposes to make Adequate Protection Payments, pursuant to §

1326(a)(1)(C) accruing with the initial plan payment which is due no later than the originally

scheduled meeting of creditors under § 341 and continuing to accrue on the first day of each

month thereafter, to the holders of the allowed secured claims in the amounts specified below:

| Secured Creditor | Description of Collateral | Amount of Adequate Protection Payment | Number of Months in Adequate Protection Period |
|---|---|---|---|
| Capital One | 2014 Polairs Sportsman | $94.00 | 5 |
| Mountain America Federal Credit Union | 2009 GMC Canyon | $57.00 | 5 |
| Utah State Tax Commission | Tax Lien | $8.00 | 5 |

3.     The monthly plan payments proposed by the Debtor(s) shall include the amount necessary to pay all Adequate Protection Payments and the amount necessary to pay the Trustee's statutory fee.

4.     Upon completion of the Adequate Protection Payment period designated herein for each listed secured creditor, the Equal Monthly Plan Payment identified in each Part of the Plan shall be the monthly payment and shall accrue on the first day of each month.

5.     This Notice shall govern Adequate Protection Payments to each listed secured creditor unless subsequent Notice is filed by Debtor(s) or otherwise ordered by the Court.

6.     Objections, if any, to the proposed Adequate Protection Payments shall be filed as objections to confirmation of the Plan. Objections must be filed and served no later than 7 days before the date set for the hearing on confirmation of the Plan.

DATED: February 13, 2018

VANNOVA LEGAL, PLLC


_____
            /s/
Matthew K. Broadbent
Attorney for Debtor(s)

280.UT.01

Matthew K. Broadbent (09667)
Val Dalling III (11552)
Vannova Legal, PLLC
49 West 9000 South
Sandy, Utah 84070
Telephone: (801) 415-9800
Facsimile: (801) 415-9818
Email: info@VannovaLegal.com
*Attorney for Debtor(s)*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
### Central Division

| | |
|---|---|
| In Re: | Bankruptcy Case No.: 17-30872 |
| **Lorie Donice Colemere,** | Chapter 13 |
| Debtor(s). | Honorable Joel T. Marker |

### CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN AND
### NOTICE OF ADEQUATE PROTECTION PAYMENTS UNDER 11 U.S.C. § 1326
### AND OPPORTUNITY TO OBJECT

I hereby certify that on February 13, 2018 I caused to be served a true

and correct copy of the Plan and Notice of Adequate Protection Payments under 11 U.S.C. §

1326 and Opportunity to Object by regular first class United States mail with Certified Mail

being designated as necessary, postage fully pre-paid, addressed to all parties listed below:

Mountain America Federal Credit Union
c/o Cathy Smoyer, Registered Agent
7181 S Campus View Dr.
West Jordan, Utah 84084

Utah State Tax Commission
Attn: Michelle Riggs, Officer
210 North 1950 West
Salt Lake City, Utah 84134

Capital One Services, LLC
Corporation Service Company
15 West South Temple, Ste 1701
Salt Lake City, Utah 84101

281.UT.01

DATED: February 13, 2018

VANNOVA LEGAL, PLLC


_____/s/_____
Marci Winters